**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCOS AHUMADA,<br><br>    Petitioner,<br><br>  v.<br><br>JOE A. LIZARRAGA,<br><br>    Respondent. | Case No. LACV 14-4684-SVW (LAL)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections and the remaining record, and has made a *de novo* determination.

  Petitioner argues in his Objections that his ineffective assistance of trial counsel claim was supported by his allegation in the Petition that "[t]rial [c]ounsel failed to correctly present the [r]ebuttal [e]vidence of L.A.P.D. Detective Swada's testimony, 'That Petitioner could not of (sic) committed both charged crimes because it was impossible to drive from one crime to the other within the time frame mention[ed] by the Prosecution.'" (Objections at 1.) However, Petitioners presented this statement in the Petition under a general "Argument" section and did not identify it as providing a basis for his ineffective assistance of trial counsel claim. (Petition at 5.) Nevertheless, Petitioner's argument fails. The jury was presented with Detective Swada's testimony that it would have taken Petitioner 15 minutes to get from one crime scene to the

1 other. (4 RT at 926.) Then, during closing argument, Petitioner's defense counsel insisted that

2 Petitioner could not have committed both crimes within the timeframe presented by the

3 prosecution. (4 RT at 1295-96.) Accordingly, trial counsel sufficiently presented the issue to the

4 jury. Petitioner's Objections otherwise lack merit for the reasons stated in the Report and

5 Recommendation.[1]

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

2. Judgment be entered denying the Petition and dismissing this action with prejudice; and

3. The Clerk serve copies of this Order on the parties.

DATED: November 22, 2016

HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, although Petitioner does not question the standard of ineffective assistance of counsel the Court applied, because the Report and Recommendation did not specify the standard, the Court confirms that it applied the following legal standard:

In order to prevail on an ineffective assistance of counsel claim under the United States Supreme Court decision in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a petitioner must prove two things: (1) that counsel's performance was deficient, and (2) that the petitioner was prejudiced by the deficient performance. A court evaluating an ineffective assistance of counsel claim does not need to address both elements of the test if a petitioner cannot prove one of them. Id. at 697.

To prove deficient performance, a petitioner must show that counsel's performance was below an objective standard of reasonableness. Id. at 687-88. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Only if counsel's acts or omissions, examined in light of all the surrounding circumstances, fell outside this "wide range" of professionally competent assistance will petitioner prove deficient performance. Id. at 690.

Proof of deficient performance does not require habeas corpus relief if the error did not result in prejudice. Id. at 691. Accordingly, a petitioner must also show that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Id. at 694. Thus, a petitioner will prevail only if he can prove that counsel's errors resulted in a "proceeding [that] was fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993).